IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00942-CMA-BNB

KRISTIN K HARRINGTON,

      Plaintiff,

v.

CHAMPPS OPERATING CORP.,
FOX & HOUND RESTAURANT GROUP,
CHAMPPS ENTERTAINMENT, INC.,
CHAMPPS AMERICANA,
JAMES T. ZIELKE, AND
KEVIN M. O'HARE,

      Defendants.

## PROTECTIVE ORDER

Defendants move the Court for a Protective Order pursuant to Fed. R. Civ. P. 26(c) concerning the treatment of confidential documents and information (as hereinafter defined), and, as grounds therefore, state as follows:

    A.    During the course of this litigation, the parties, and some non-parties, will produce materials and documents, some of which may contain confidential and proprietary commercial information, as well as private information relating to employees or former employees of Defendants, and information relating to Plaintiff's medical and mental health treatment and employment records. Defendants submit that such confidential commercial or private information should not be revealed to parties outside this litigation.

1

B. Defendants are interested in permitting discovery to proceed without delay occasioned by disputes about the confidential nature of the documents and/or information being produced.

C. Defendants have applied to the Court for this Protective Order limiting the disclosure of confidential documents and/or information produced in this matter and have stipulated hereto.

D. Federal Rule of Civil Procedure 26(c) provides for the issuance of a protective order limiting the disclosure and use of information and documents for good cause.

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED.

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. The term "Confidential Information" shall mean any non-public material

that is sensitive commercial, financial, and proprietary information, and any confidential employment, personal, financial, and/or medical information relating to employees or former employees. In addition, records produced by a party or a non-party relating to Plaintiff's medical treatment and employment records will be designated as confidential.

4. Documents are designated as confidential by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." If the information that is being produced is ESI or other information that is not amenable to this manner of designation, any designation by the producing party that provides notice of a confidential designation shall be treated as confidential under this Order.

5. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

6. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including any officer, director, employee, agent, representative of or attorney for a party, except that a party who receives documents marked as

ATTORNEY EYES ONLY may review the ATTORNEY EYES ONLY material with counsel, but the receiving party may not retain a copy of said material and the receiving party may not discuss the contents of said material with any person other than counsel;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses;

(h) any mediator agreed to by the parties; and

(i) other persons by written agreement of the parties.

7. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be

made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. In the event a party wishes to use any information identified as Confidential including quotations to such material, in any documents filed with the Court, that party must follow D.C. Colo. LCivR 7.2 with regard to filing documents under seal.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

12. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Ordered this 11th day of July, 2011.

_____
Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00942-CMA-BNB

KRISTIN K HARRINGTON,

        Plaintiff,

v.

CHAMPPS OPERATING CORP.,
FOX & HOUND RESTAURANT GROUP,
CHAMPPS ENTERTAINMENT, INC.,
CHAMPPS AMERICANA,
JAMES T. ZEILKE, AND
KEVIN M. O'HARE,

        Defendants.

## CONFIDENTIALITY AGREEMENT

    I, _____, hereby certify that I have read and understand the Agreed Protective Order in this case, that I agree to be bound by its terms, and I agree to submit to the jurisdiction of the above referenced court for purposes of any proceedings concerning my compliance with the Agreed Protective Order.

        By: _____

        Dated: _____