IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00942-CMA-BNB

KRISTIN K. HARRINGTON,

Plaintiff,

v.

CHAMPPS OPERATING CORPORATION,
FOX & HOUND RESTAURANT GROUP,
CHAMPPS ENTERTAINMENT, INC.,
CHAMPPS AMERICANA,
JAMES T. ZEILKE, and
KEVIN M. O'HARE,

Defendants.

## ORDER

This matter arises on the following:

(1)     Defendants' **Motion and Application for Attorney Fees** [Doc. # 51, filed 9/26/2011] (the "Motion for Attorney Fees");

(2)     Defendants' **Motion for Discovery Sanctions** [Doc. # 53, filed 9/26/2011] (the "Motion for Sanctions"); and

(3)     Defendants' **Motion for Leave to File Reply In Support of Motion for Discovery Sanctions** [Doc. # 64, filed 10/24/2011] (the "Motion to Reply").

I held a hearing on the motions this morning and made rulings on the record awarding attorneys' fees and granting the Motion to Reply, which are incorporated here. I took the Motion for Sanctions under advisement.

1.     **Motion for Attorney Fees [Doc. # 51]**

I previously awarded the defendants their attorneys' fees incurred in filing and pursuing a motion to compel. Order [Doc. # 47] at ¶3. The award was made jointly against the plaintiff and her counsel. Id. I provided the parties with an opportunity to agree to the amount of the award, but no agreement was reached.

Applying a lodestar procedure consistent with Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998), I awarded the defendants attorneys' fees in the amount of $2,769.00, finding those fees to be necessary and reasonable. The plaintiff and/or her counsel shall satisfy the award on or before November 16, 2011. Failure to do so may result in the imposition of sanctions, including dismissal of the case.

2.     **Motion for Sanctions [Doc. # 53]**

The defendants seek the imposition of severe sanctions against the plaintiff for her failure to make discovery as ordered. In particular, the defendants seek an order "dismissing plaintiff's complaint, awarding their reasonable attorney fees incurred in bringing this Motion, and for such additional relief as this Court deems appropriate." Motion for Sanctions [Doc. # 53] at p. 8. The plaintiff resists the Motion for Sanctions arguing that she "has given Defendants with [sic] everything they requested that she has; there is nothing more to give." Response [Doc. # 63] at ¶8.

At the hearing on the Motion for Sanctions, defense counsel offered three examples to demonstrate that the plaintiff's assertion is false. First, the defendants claim that they have not been provided with a copy of the transcript of a related criminal prosecution that occurred in Illinois state court. Plaintiff's counsel asserted, and no evidence was presented to rebut the

assertion, that despite their request the court reporter has not yet provided a copy of the transcript to either the plaintiff or her counsel.  Second, the defendants claim that the plaintiff testified during her deposition that she has copies of certain medical records, but those records have not been provided to the defendants.  Plaintiff's counsel did not dispute the testimony, but stated that the plaintiff's subsequent efforts to locate the medical records have been unsuccessful.  Finally, the defendants state that the plaintiff failed to provide documents supporting wages earned in mitigation of her claimed damages and failed to provide copies of her tax returns until the close of her deposition.  The tax returns have been provided, although not at the time the defendants prefer, and the plaintiff's counsel states that the plaintiff does not possess other documents concerning her wages .

On the record before me, I find that the severe sanctions sought by the defendants are not warranted.  See Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992).  Although the plaintiff has not been entirely forthcoming in meeting her discovery obligations, I am convinced that the materials identified by the defendants as examples of the plaintiff's non-compliance either are not in her possession, custody, or control or have been turned over, although belatedly.  A more appropriate sanction would be an order compelling further discovery and awarding attorneys' fees, if the defendants can show that the plaintiff has failed to make required disclosure of relevant information or materials in her possession, custody, or control.  No such showing has been made at this time.

**3.    Motion to Reply [Doc. # 64]**

I granted the Motion to Reply during the hearing this morning.

IT IS ORDERED:

(1)     The Motion for Attorney Fees [Doc. # 51] is GRANTED.  The defendants are awarded fees of $2,769.00 jointly against the plaintiff and her counsel.  The award shall be satisfied on or before November 16, 2011;

(2)     The Motion for Sanctions [Doc. # 53] is DENIED; and

(3)     The Motion to Reply [Doc. # 64] is GRANTED.  The Clerk of the Court is directed to accept for filing defendants' Reply In Support of Motion for Discovery Sanctions [Doc. # 64-1].

Dated November 2, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge